UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT YOUNG, STEVEN SCHEIN,
MICHAEL O'LEARY, RICHARD FOGELSON,
GARY FERRUCCI, and JOHN BIRBIGLIA,
on behalf of themselves and all other similarly
situated,  **ORDER**

                         Plaintiffs,  Civil Action No. 09-3830

    -against-

COUNTY OF NASSAU, PATROLMENS'
BENEVOLENT ASSOCIATION,
SUPERIOR OFFICERS' ASSOCIATION,
and DETECTIVES' ASSOCIATION, INC.,

                         Defendants
------------------------------------------------------------X

**APPEARANCES:**

**Valli Kane &Vagnini, LLP**
Attorneys for Plaintiffs
600 Old Country Road, Suite 519
Garden City, NY 11530
By:    James A. Vagnini, Esq.
         Jesse C. Rose, Esq
         Robert J. Valli, Jr, Esq.

**Lamb & Barnosky, LLP**
Attorneys for Defendant County of Nassau
534 Broadhollow Road
Melville, New York 11747
By:    Sharon N. Berlin, Esq.
         Richard K. Zuckerman. Esq.

**Greenberg Burzichelli Greenberg P.C.**
Attorneys for Defendant Patrolmens' Benevolent Assoc.
300 Marcus Avenue, Suite 1W7
Lake Success, NY 11042
By:    Seth H. Greenberg, Esq.

**Certilman, Balin, Adler & Hyman, LLP**
Attorneys for Defendants Superior Officers' Assoc. and Detectives' Assoc., Inc.
90 Merrick Avenue, 9th Fl.
East Meadow, NY 11554
By:   Paul S. Linzer, Esq.
    Candace Reid Gladston, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court is Plaintiffs' request for a briefing schedule for their proposed motion for conditional certification pursuant to 29 U.S.C. § 216(b) of their claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, et seq., and Defendants' request that they be allowed to take discovery relating to said motion prior to the establishment of a briefing schedule.

The enforcement provisions of the ADEA, 29 U.S.C. § 626(b), incorporate the Fair Labor Standards Act of 1938 ("FLSA"). Collective actions under the FLSA are authorized by section 216(b) which provides, in pertinent part, as follows:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Unlike a class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), section 216(b) requires that employees affirmatively opt-in to an FLSA collective action by filing a written consent. *See Masson v. Ecolab, Inc.,* 2005 WL 2000133 at *13 (S.D.N.Y. Aug. 17, 2005)*; see also Morales v. Plantworks, Inc.,* 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006); *Mazur v. Olek Lejbzon & Co.*, 2005 WL 3240472, at *4 (S.D.N.Y. Nov. 30, 2005). Moreover,

the requirements of Rule 23 do not apply to the approval of a collective action and, therefore, no showing of numerosity, typicality, commonality, and representativeness need be made. *Id.* "Rather, in deciding whether to authorize a collective action notice under the FLSA, the only issue for the Court is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Id.* (citations and internal quotation marks omitted); *see also Patton v. Thomson Corp.,* 364 F. Supp. 2d 263, 266-67 (E.D.N.Y. 2005) ("The threshold issue in deciding whether to authorize such opt-in notice is to determine whether other employees to whom such notice might be sent are 'similarly situated.'") (citation and internal quotation omitted).

Courts typically employ a two-part process in certifying a collective action. *See, e.g., Flores v. Osaka Health SPA, Inc.,* 2006 WL 695675, at *2 (S.D.N.Y. Mar. 16, 2006). Courts first look at the pleadings and affidavits to determine whether the class members are similarly situated. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 197 (S.D.N.Y. 2006) *(citing Scholtisek v. Eldre Corp.,* 22 F.R.D. 381 (W.D.N.Y. 2005)). "At this stage, the evidentiary standard is lenient . . . and plaintiff must make a modest factual showing sufficient to demonstrate that he and potential plaintiffs together were the victim of a common policy or plan that violated the law." *Bifulco v. Mortgage Zone, Inc.,* – F.R.D. –, 2009 WL 3761829, *3 (E.D.N.Y. Nov. 9, 2009) (internal quotations and citations omitted). If the court finds that the putative plaintiffs are similarly situated to the named plaintiffs, the court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs. *See Flores,* 2006 WL 695675, at *2; *Morales,* 2006 WL 278154, at *1. Significantly, the first stage determination that the potential plaintiff are similarly situated is merely preliminary. *Bifulco*, 2009 WL 37661829, at *3.

The second phase of the inquiry "typically occurs after the completion of discovery; at that point, the court makes a factual finding based on the developed record as to whether or not

the class members are actually "similarly situated." *Id.* Indeed, during the second stage, the employer can move to decertify the class if discovery reveals that the plaintiffs are not similarly situated. *See, e.g. Flores*, 2006 WL 695675, at *2; *Morales*, 2006 WL 278154, at *1; *Patton*, 364 F. Supp. 2d at 268. "[I]f the court determines that the members are not similarly situated under the law, then 'the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims.'" *Id.* (quoting *Hens v. ClientLogic Opertaing Corp.*, 2006 WL 2795620, at 4 (W.D.N.Y. Sept. 26, 2006)).

In view of the above, the Court deems it unnecessary to hold the request for a briefing for the proposed motion for conditional certification pursuant to 29 U.S.C. § 216(b) in abeyance pending discovery. Which is not to say that the Defendants may not seek discovery while the motion is being briefed; any such discovery to be overseen by Magistrate Judge Wall.

Accordingly, the Court sets the following briefing schedule for Plaintiffs' proposed motion: (1) Plaintiffs shall serve (but not file) moving papers on or before February 3, 2010; (2) Defendants shall serve (but not file) opposing papers on or before February 24, 2010; (3) Plaintiffs shall serve reply papers, if any, and file all papers with the Court, including a courtesy copy for Chambers, on or before March 5, 2010.

**SO ORDERED.**

Dated: Central Islip, New York
January 13, 2010

/s/
Denis R. Hurley
Senior District Judge